```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
IANA MALCOLM,                     |
                                  |
        Plaintiff                 | **COMPLAINT**
                                  |
                                  | ___CIV_____(___)
        v.                        |
                                  |
                                  | PLAINTIFF DEMANDS A TRIAL BY JURY
WEBSTER HALL ENTERTAINMENT CORP., |
Individually and d/b/a            |
WEBSTER HALL, DOUGLAS BALLINGER,  |
LON BALLINGER a.k.a.              |
LORNE BALLINGER, AND SEAN MCGARR, |
                                  |
        Defendants                |
                                  |
---------------------------------X
```

Plaintiff IANA MALCOLM, by attorneys, AKIN & SMITH, LLC, upon information and belief, complains of defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to <u>Gibb</u>, 38 U.S. 715 (1966), and 28 U.S.C. §1367, and under the laws of the State of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result

of being harassed, discriminated against, discharged, and retaliated against by Plaintiff's former employer on the basis of gender and retaliation.

### JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.
3. Venue is proper in this district based upon Defendant's residency within the State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

### PARTIES

4. Plaintiff IANA MALCOLM (herein after also referred to as "Plaintiff") is a female who was employed by Defendants as a "VIP Manager."
5. Defendant WEBSTER HALL ENTERTAINMENT CORP., Individually and d/b/a WEBSTER HALL (herein after also referred to as "Webster Hall") is an "employer" as defined in 42 U.S.C. §2000e(b) and 42 U.S.C. §1211(5)(a), that employs over 15 persons and is engaged in an industry affecting commerce.

6. WEBSTER HALL operates a night Club at 125 East 11th Street, New York, NY 10003.

7. At all times material, Defendant DOUG BALLINGER was and is a resident of the State of New York.

8. At all times material, Defendant LON BALLINGER a.k.a. LORNE BALLINGER was and is a resident of the State of New York.

9. At all times material, Defendant SEAN MCGARR was and is a resident of the State of New York.

10. At all times material, Defendant SEAN MCGARR was and is a resident of the State of New Jersey.

11. At all times material, DOUG BALLINGER was and is an Officer, Director and/or Manager of WEBSTER HALL.

12. At all times material, DOUG BALLINGER was the supervisor of Plaintiff.

13. DOUG BALLINGER was at all material times an employee of the Defendant WEBSTER HALL.

14. DOUG BALLINGER was at all material times a part owner of the Defendant WEBSTER HALL.

15. In Defendant DOUG BALLINGER'S capacity as supervisor he was an employee and agent of Defendants and he exercised direct managerial and/ or supervisory responsibility over PLAINTIFF.

16. At all times material, LORNE BALLINGER was and is an Officer, Director and/or Manager of WEBSTER HALL.

17. At all times material, LORNE BALLINGER was the supervisor of Plaintiff.
18. LORNE BALLINGER was at all material times an employee of the Defendant WEBSTER HALL.
19. LORNE BALLINGER was at all material times a part owner of the Defendant WEBSTER HALL.
20. In Defendant LORNE BALLINGER capacity as supervisor he was an employee and agent of Defendants and he exercised direct managerial and/ or supervisory responsibility over PLAINTIFF.
21. At all times material, SEAN MCGARR was and is an Officer, Director and/or Manager of WEBSTER HALL.
22. At all times material, SEAN MCGARR was the supervisor of Plaintiff.
23. SEAN MCGARR was at all material times an employee of the Defendant WEBSTER HALL.
24. SEAN MCGARR was at all material times a part owner of the Defendant WEBSTER HALL.
25. In Defendant SEAN MCGARR'S capacity as supervisor he was an employee and agent of Defendants and he exercised direct managerial and/ or supervisory responsibility over PLAINTIFF.
26. PLAINTIFF is informed and believes, and based thereon alleges that at all times mentioned herein, each of the defendants was the agent, servant and employee, coventurer

and co-conspirator of each of the remaining defendants, and was at all times herein mentioned acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, joint venture and conspiracy.

27. At all time material, Plaintiff was employed by Defendant Webster Hall.

## PROCEDURAL PREREQUISITES

28. On or about November 1, 2005, Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

29. Plaintiff received a Notice of Right to Sue from the EEOC dated March 8, 2006 with respect to the charges. A copy of the Notice is annexed hereto.

## MATERIAL FACTS

30. IANA MALCOLM makes this charge in connection with claims arising from her employment and termination from Defendants.

31. Plaintiff accepted the position of VIP Manager at Webster Hall on or about February 22, 2005 and began working at the club on May 5, 2005.

32. Defendants Doug Ballinger and Sean McGarr made sexual advances towards Plaintiff on numerous occasions including but not limited to on or about June 2, 2005 and June 4, 2005.

33. Plaintiff refused the above sexual advances and said rejections resulted in Plaintiff being fired on or about June 15, 2005.

34. On or about June 2, 2005, Defendant Doug Ballinger, a co-owner of the club, ran up behind Plaintiff while she stood in the club's lobby and viciously groped Plaintiff until Plaintiff slapped his hands away, at which time Defendant Doug Ballinger ran off drunk and upset.

35. A complaint by Plaintiff was immediately voiced to and dismissed by Webster Hall security.

36. On or about June 4, 2005, Defendant Sean McGarr requested a "private meeting" with Plaintiff, alluding to a sexual encounter with Plaintiff. Plaintiff refused said sexual advance.

37. Approximately one week and a half after Defendant Sean McGarr's unsuccessful advance, Plaintiff was terminated from her employment.

38. Defendant Sean McGarr admitted to Plaintiff two days after she was fired that she had been fired because, as Defendant Sean McGarr stated, "I can't undo what I said to you" and "I fired a lot of people, some deserved it some don't, you're one of the ones that don't."

39. Defendant Lorne Ballinger, knew of the sexual harassment plaintiff was experiencing, and yet, he and the other defendants allowed this despicable treatment to occur.

40. As a result of the above, Defendant have subjected Plaintiff to sexual harassment, including but not limited to hostile work environment and *quid pro quo* sexual harassment, and has suffered injuries and damages as set forth herein.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(1) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discharge any individual or otherwise discriminate against any individual . . . because of such individual's sex(sexual harassment). . . "

43. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e-2(a)(1) by actually and constructively terminating Plaintiff, creating a hostile work environment, engaging in quid pro quo sexual harassment, and otherwise discriminating against Plaintiff because of sex.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

46. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. Executive Law § 296 provides that 1. (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

49. Defendants engaged in an unlawful discriminatory practice by discharging and otherwise discriminating against the Plaintiff because of Plaintiff's sex (sexual harassment).

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

50. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

**52.** Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

### AS A FIFTH CAUSE OF ACTION

### FOR DISCRIMINATION UNDER STATE LAW

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

55. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct outlined the above discriminatory, unlawful and retaliatory conduct.

## AS A SIXTH CAUSE OF ACTION

## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

56. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

58. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender (sexual harassment)..

## AS A SEVENTH CAUSE OF ACTION

## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

   "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

**61.** Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title

8, §8-107(1)(e) by discharging and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY
## ADMINISTRATIVE CODE

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

> "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

**64.** Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

66. Defendants engaged in extreme and outrageous conduct.

67. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiff.

68. There exists a causal connection between the above conduct and said injury.

**69.** As a result of said conduct Plaintiffs suffered and suffers from severe emotional distress.

## INJURY AND DAMAGES

1. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has

also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), state common law, New York State Executive Law §296 et. Seq.; New York City Administrative Code, and that the Defendants harassed, discriminated against, actually and/or constructively discharged, and retaliated against Plaintiff;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits resulting from Defendants' unlawful termination of employment, including back and front pay, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and

suffering and injury to reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

**JURY DEMAND**

Plaintiff demands a trial by jury.


Dated:   New York, NY
         April 19, 2006

                              **AKIN & SMITH**

                              By:_____

                                 Derek T. Smith


                              Attorneys for Plaintiff
                              305 Broadway, Suite 1101
                              New York, NY 10007
                              (212) 587-0760

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
IANA MALCOLM,                     |
                                  |
        Plaintiff                 |
                                  |
                                  |
        v.                        |
                                  |
                                  |
WEBSTER HALL ENTERTAINMENT CORP., |
Individually and d/b/a            |
WEBSTER HALL, DOUGLAS BALLINGER,  |
LON BALLINGER a.k.a.              |
LORNE BALLINGER AND SEAN MCGARR,  |
                                  |
        Defendants                |
                                  |
---------------------------------X
```

-----------------------------------------------------------------

**SUMMONS AND COMPLAINT**

-----------------------------------------------------------------

**AKIN & SMITH**
Attorneys for Plaintiff
305 Broadway, Suite 1101
New York, NY 10007
(212) 587-0760